**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    EDDIE L. YOUNG,                                   No. C 11-01083 SBA (PR)

4                 Plaintiff,                           <u>**ORDER OF SERVICE**</u>

5      v.

6    C. J. CHAPMAN, et al.,

7    _____/

8                            <u>**INTRODUCTION**</u>

9            Plaintiff, a state prisoner currently incarcerated at the California Correctional Institution, has

10   filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations that

11   occurred while he was housed at Pelican Bay State Prison (PBSP) in 2010.

12           On April 20, 2011, the Court granted Plaintiff's <u>in forma pauperis</u> application.

13           Venue is proper because the events giving rise to the claim are alleged to have occurred at

14   PBSP, which is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

15           In his complaint, Plaintiff names the following Defendants: PBSP Correctional Sergeants D.

16   A. Stiles and B. Thornton; PBSP Correctional Officers C. J. Chapman, A. D. Risenhoover, D. E.

17   Mount; PBSP Nurse Practitioner C. Malo-Clines and PBSP Nurse Dickie.[1]  Plaintiff seeks monetary

18   damages.

19                            <u>**DISCUSSION**</u>

20   **I.    <u>28 U.S.C. § 1915(g)</u>**

21           The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on

22   April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915

23   "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

24   brought an action or appeal in a court of the United States that was dismissed on the grounds that it

25   is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

---

27
28          [1] While Plaintiff did not list Defendant Dickie in the caption of the complaint or under the
     section labeled, "Parties," this Defendant is listed in the body of the complaint.  (Compl. at 3(b).)
     Therefore, the Court includes Defendant Dickie as a named Defendant in this action.  The Court
     notes that Plaintiff does not indicate the first name or first initial of Defendant Dickie.

1   is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g)

2   requires that this Court consider prisoner actions dismissed before, as well as after, the statute's

3   1996 enactment.  Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

4   For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a

5   claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure

6   12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little

7   weight or importance: having no basis in law or fact," and the word "malicious" refers to a case

8   "failed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th

9   Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as

10   strikes for § 1915(g) purposes.  See id.  Dismissal of an action under § 1915(g) should only occur

11   when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant

12   information, the district court determines that the action was dismissed because it was frivolous,

13   malicious or failed to state a claim."  Id.

14   Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g),

15   by either the district court or the defendants, but also requires the prisoner to bear the ultimate

16   burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews implicitly

17   allows the Court to sua sponte raise the § 1915(g) bar, but requires the Court to notify the prisoner

18   of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an

19   opportunity to be heard on the matter before dismissing the action.  See id. at 1120.  A dismissal

20   under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g),

21   but he still may pursue his claims if he pays the full filing fee at the outset of the action.

22   At the time Plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of

23   the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern

24   District of California.  However, a review of the dismissal orders in Plaintiff's prior prisoner actions

25   reveals that he has had at least four such cases dismissed on the ground that they were frivolous,

26   malicious, or failed to state a claim upon which relief may be granted.  The following dismissals

27   may be counted as dismissals for purposes of § 1915(g):  (1) Young v. McCarger, No. CIV

28   S-00-2393 GEB DAD P (E.D. Cal. Aug. 13, 2002) (civil rights action dismissed for failure to state a

1  claim upon which relief may be granted); (2) Young v. Edwards, No. CIV 02-2289 CAS (MLGx)

2  (C.D. Cal. May 1, 2002) (same); (3) Young v. Bowen, No. CIV 01-6368 CAS (MLG) (C.D. Cal.

3  Sept. 27, 2002) (civil rights action dismissed for failure to state claim for relief and failure to

4  comply with Court's order to amend complaint to remedy the problem); and (4) Young v. Briddle,

5  No. C 98-0714 (SI) (PR) (N.D. Cal. June 5, 1998) (same). Although this Court has listed four

6  dismissals, only three prior dismissals need qualify under § 1915(g). Therefore, even without

7  considering the fourth case, Case No. C 98-0714 (SI) (PR), Plaintiff's three dismissals in Case Nos.

8  CIV S-00-2393 GEB DAD P, CIV 02-2289 CAS (MLGx), and CIV 01-6368 CAS (MLG) may be

9  counted as dismissals for purposes of § 1915(g).

10        The Court finds that, pursuant to Andrews, 398 F.3d at 1121, Plaintiff has been given notice

11  of the potential applicability of § 1915(g) because he acknowledged in his complaint that "he has

12  brought 3 or more actions in a court of the United States that was dismissed on the grounds that it

13  was not frivolous yet failed to state a claim upon which relief may be granted." (Compl. at 3.)

14        Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious

15  physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d

16  307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999);

17  Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th

18  Cir. 1998). In his complaint, Plaintiff claims that "he is under imminent danger of further serious

19  physical harm and injury . . . as established under 28 U.S.C. § 1915 (g)." (Compl. at 3.)

20  Specifically, he claims that as of the time he filed the complaint, he "remains subjected to life

21  threatening situations and conditions by defendants and colleagues of defendants including alleged

22  members of a racial hate group." (Id.) Because Plaintiff's allegation that he falls under the

23  "imminent" danger exception could allow him to meet his burden of showing that § 1915(g) does

24  not bar pauper status for him, a dismissal under § 1915(g) may not proper at this time. In view of

25  this, leave to proceed IFP may not have been granted erroneously. Thus, the Court will review the

26  complaint and serve Defendants, as explained below. If Defendants choose to argue that Plaintiff's

27  IFP should be revoked, i.e., challenging whether he falls under the "imminent" danger exception to

28  dismissal under § 1915(g), then the Court will consider such an argument at that juncture.

**United States District Court**
For the Northern District of California

## II.   Review of Complaint

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

### B.   Legal Claims

#### 1.   Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on March 2, 2010, he was subjected to excessive force by Defendants Chapman, Risenhoover, Stiles, and Mount.  Specifically, Plaintiff alleges that Defendant Chapman struck him in the mid-section, right eye, and head, as well as slammed his head repeatedly against the steel cell door until he lost consciousness.  (Compl. at 3(f)-3(g).)  When Plaintiff "awoke after going in and out of consciousness, his right arm was trapped beneath his body as he remained under the weight of several officers."  (Id. at 3(g).)  Plaintiff claims that he was not resisting; however, Defendant Chapman continued to strike his head with a closed fist while other officers, including Defendants Risenhoover and Stiles, "pinned him on his chest down on the tier."  (Id.)  Plaintiff also claims that Defendant Mount "kicked [him] in his face."  (Id.)  He claims that he sustained injuries

4

1   as a result of this incident.

2       Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim

3   against Defendants Chapman, Risenhoover, Stiles, and Mount.

4                    **2.      Deliberate Indifference Claim**

5       Plaintiff also alleges a claim for deliberate indifference to his serious medical needs against

6   Defendants Thornton, Malo-Clines and Dickie.

7       Deliberate indifference to serious medical needs violates the Eighth Amendment's

8   proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976);

9   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX

10  Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781

11  F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination

12  of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

13  response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the

14  failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

15  and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).  A prison official is

16  deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and

17  disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825,

18  837 (1994).

19      Plaintiff states that as a result of the March 2, 2010 attack, he suffered from "a chipped left

20  elbow, torn ligaments to his left forearm and elbow, a dislocated left shoulder, sprained wrists left

21  and right, a subconjunctival hemorrhage to his right eye, multiple head injuries, a bleeding injury to

22  his lower lip, [and] a swelling bruise to his top lip . . . ."  (Compl. at 3(g).)  He was taken to an off-

23  site hospital for medical treatment for his injuries; however, he claims that after he returned to PBSP

24  on the same day -- March 2, 2010 --  Defendants Thornton, Malo-Clines and Dickie participated in

25  "obstruct[ing] further necessary effective medical care and allegedly denied Plaintiff necessary

26  effective medical care and consultations with appropriate specialist as to the degree of discomfort

27  that significantly disabled Plaintiff's person, and particularly omitted admitting Plaintiff into the

28  Correctional Treatment Center . . . ."  (Id. at 3(b).)  Therefore, these Defendants "caused harm to

Plaintiff and pose[d] a continual real danger to [his] health and safety." (Id.)  Accordingly, Plaintiff

has adequately pled an cognizable claim against Defendants Thornton, Malo-Clines and Dickie for

deliberate indifference to his medical needs.

### 3.   Conspiracy Claim

Plaintiff alleges Defendants conspired to "cover up [the] harm and injuries received by

Plaintiff." (Id. at 3(a).)

To state a claim for a conspiracy to violate one's constitutional rights under 42 U.S.C.

§ 1983, a plaintiff must state specific facts to support the existence of the claimed conspiracy.  Olsen

v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation and citation

omitted).  Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy

claim.  Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).  Rather, a plaintiff must plead

with particularity which defendants conspired, how they conspired, and how the conspiracy led to a

deprivation of the plaintiff's constitutional rights.  Harris v. Roderick, 126 F.3d 1189, 1195-96 (9th

Cir. 1997).  To prove a conspiracy under § 1983, an "agreement or meeting of minds to violate [the

plaintiff's] constitutional rights must be shown." Woodrum v. Woodward County, 866 F.2d 1121,

1126 (9th Cir. 1989).

Here, Plaintiff has not alleged facts sufficient to state a conspiracy claim under § 1983.  As

an initial matter, Plaintiff has not identified the particular constitutional right of which he was

deprived by the alleged conspiracy.  Specifically, it is unclear from the allegations in the body of the

complaint whether Plaintiff is alleging that the aforementioned Defendants who used excessive

force against him conspired to engage in the use of force, conspired to cover up the use of force, or

conspired to cause other injuries to Plaintiff separate from the use of force.  It is also unclear how

each Defendant was involved in the conspiracy because Plaintiff's conspiracy allegations are

conclusory.  He has not pleaded with particularity specific facts that would show the named

Defendants had an agreement or meeting of the minds to violate his constitutional rights.

Based on the foregoing, Plaintiff's conspiracy claim is DISMISSED.  Plaintiff may, however,

file an amended complaint if he can in good faith allege facts, subject to proof, that cure the

pleading deficiencies noted above.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.    Retaliation Claim

Plaintiff alleges that the aforementioned constitutional violations were done "in the course of allegedly perfecting retaliations against [him], including the alleged cover up of the measures taken by Defendants Chapman, Risenhoover, Stiles . . . [and] Mount which includes use of force intended to or likely to cause great bodily injury including but not limited to retaliatory action . . . ."  (Compl. at 3(a).)  Thus, the Court construes this as Plaintiff's claim that Defendants retaliated against him in violation of the First Amendment.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.  Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations fail to state a cognizable claim for retaliation as he has failed to allege facts that show the alleged retaliatory actions of which he complains were taken because of his protected conduct.  Plaintiff fails to identify the nature of his protected conduct, or how each of the named Defendant knew about Plaintiff's conduct.  Without allegations of protected conduct and knowledge of such conduct by these Defendants, no claim for retaliation is stated.

Accordingly, Plaintiff's retaliation claim is DISMISSED.  Plaintiff may, however, file an amended complaint if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff states a COGNIZABLE Eighth Amendment claim for the use of excessive force against Defendants Chapman, Risenhoover, Stiles, and Mount.

2.    Plaintiff states a COGNIZABLE Eighth Amendment claim for deliberate

indifference to serious medical needs against Defendants Thornton, Malo-Clines and Dickie.

3.      Plaintiff's conspiracy and retaliation claims are DISMISSED WITH LEAVE TO AMEND, as indicated above.

4.      Within **thirty (30) days** of the date of this Order Plaintiff may file an amended conspiracy and retaliation claims as set forth above in Sections II(B)(3) and (4) of this Order. (Plaintiff shall resubmit only his conspiracy and retaliation claims and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of the conspiracy and retaliation claims against all named Defendants.

5.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to: **PBSP Correctional Sergeants D. A. Stiles and B. Thornton; PBSP Correctional Officers C. J. Chapman, A. D. Risenhoover, D. E. Mount; PBSP Nurse Practitioner C. Malo-Clines and PBSP Nurse Dickie**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been

United States District Court
For the Northern District of California

8

personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

       7.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

       a.      No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

       b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

       Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

United States District Court
For the Northern District of California

cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      Defendants shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

        8.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

        9.      All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

        10.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

        11.      Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

        IT IS SO ORDERED.

DATED: __11/7/11__

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EDDIE L YOUNG,

          Plaintiff,

   v.

C J CHAPMAN et al,

          Defendant.
_____/

Case Number: CV11-01083 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie L. Young H-72370
Califorina Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: November 9, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California