United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE L. YOUNG,

    Plaintiff,

  v.

C. J. CHAPMAN, et al.,

    Defendants.
                                   /

No. C 11-01083 SBA (PR)

**NOTICE REGARDING INABILITY TO SERVE DEFENDANT "DICKIE"**

    Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. The Court issued an Order of Service and mailed a packet -- containing a Notice of Lawsuit, a Request for Waiver of Service of Summons as well as the complaint -- to each Defendant.

    Service has been ineffective on Defendant "Dickie." The Court has been informed that the Pelican Bay State Prison Litigation Coordinator has "no information on [Defendant] Dickie." Therefore, the packet that was sent to Defendant "Dickie" was returned on January 3, 2012.

    As Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

    Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); see also Del Raine v.

1 Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to
2 timely effect service on defendant because plaintiff did not provide marshal with copy of amended
3 complaint until after more than 120 days after it was filed).

4 Service has been attempted and has failed with respect to Defendant "Dickie."  On December
5 12, 2011, Plaintiff filed a document entitled, "Amended Complaint," which the Court will construe
6 as his amendment to the complaint.  In that document, Plaintiff names "Janet Dickey, Registered
7 Nurse" as a Defendant in this action.  The Court directs the Clerk of the Court to send another packet
8 -- containing a Notice of Lawsuit, a Request for Waiver of Service of Summons as well as the
9 complaint -- to "Janet Dickey, Registered Nurse" at Pelican Bay State Prison.  If service upon this
10 Defendant is successful, Plaintiff need not respond to this Order.

11 However, there is a possibility that the Litigation Coordinator may not be able to locate
12 "Janet Dickey, Registered Nurse."  Therefore, the Court directs Plaintiff to provide more information
13 as to this Defendant.

14 IT IS HEREBY ORDERED THAT within **forty-five (45) days** of the date of this Order,
15 Plaintiff must provide the Court with the required information necessary to locate Defendant
16 Dickie/Dickey, including a current address.  Plaintiff should review the federal discovery rules,
17 Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the
18 current address of this Defendant.

19 If service upon "Janet Dickey, Registered Nurse" fails, and if Plaintiff does not provide the
20 Court with the information necessary to locate Defendant Dickie/Dickey within the forty-five-day
21 deadline, all claims against this Defendant will be dismissed without prejudice under Rule 4(m).

22 If Plaintiff provides the Court with aforementioned required information, service shall again
23 be attempted.  If service fails a another time, all claims against Defendant Dickie/Dickey shall be
24 dismissed.

25 IT IS SO ORDERED.
26 DATED:   1/27/12

SAUNDRA BROWN ARMSTRONG
27 United States District Judge
28

G:\PRO-SE\SBA\CR.11\Young1083.Locate-DefDickie-Dickey.wpd        2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EDDIE L YOUNG,

        Plaintiff,

  v.

C J CHAPMAN et al,

        Defendant.

Case Number: CV11-01083 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie L. Young H-72370
Califorina Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: January 27, 2012

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Young1083.Locate-DefDickie-Dickey.wpd     3