IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>C.J. CHAPMAN, Correctional Officer; A. D. RISENHOOVER, Correctional Officer; D. A. STILES, Correctional Sergeant; D. E. MOUNT, Correctional Officer; B. THORNTON, Correctional Sergeant; and C. MALO-CLINES, Nurse Practitioner,<br><br>    Defendants. | No. C 11-01083 SBA (PR)<br><br>**ORDER OF SERVICE OF AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiff Eddie Young, a state prisoner formerly incarcerated at Pelican Bay State Prison (PBSP), filed a pro se civil rights action under 42 U.S.C. § 1983 naming the following Defendants: PBSP Correctional Sergeants D. Stiles and B. Thornton; PBSP Correctional Officers C.J. Chapman, A. D. Risenhoover, D. E. Mount; PBSP Nurse Practitioner C. Malo-Clines and PBSP Nurse Dickey. Plaintiff's motion for leave to proceed in forma pauperis was granted on April 25, 2011. (Dkt. 5). In a November 9, 2011 Order, the Court ordered service of two cognizable claims and dismissed Plaintiff's conspiracy and retaliation claims with leave to amend. (Dkt. 7). On December 12, 2011, Plaintiff timely filed an amended complaint, in which he names three new Defendants: Correctional Officers F. Wright, V. Catalina and D. Nelson. (Dkt. 18).

Plaintiff's amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In the November 9, 2011 Order, the Court determined that Plaintiff had stated a cognizable Eighth Amendment claim for excessive force against Defendants Chapman, Risenhoover, Stiles and Mount. The Court also found that he had stated a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Thornton, Malo-Clines and Dickey. However, the Court concluded that Plaintiff had failed to state a cognizable claim that Defendants conspired "to cover up [the] harm and injuries received by Plaintiff," because he had failed to: (1) identify a particular constitutional right of which he was deprived by the alleged conspiracy; and (2) allege particular facts showing that the named Defendants had an agreement or meeting of the minds to violate his constitutional rights. November 9, 2011 Order at 6. The Court likewise ruled that Plaintiff had not stated a cognizable claim for retaliation because he had failed to: (1) include facts showing that Defendants' alleged retaliatory actions were taken because of his protected conduct; and (2) identify the nature of his protected conduct, or how each of the named Defendants knew about Plaintiff's protected conduct. The Court granted Plaintiff leave to amend to cure the noted deficiencies in his conspiracy and retaliation claims. Id. at 7.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

I.  **Conspiracy Claims**

   A.  **Legal Standard**

To state a claim for a conspiracy to violate one's constitutional rights under 42 U.S.C. § 1983, a plaintiff must state specific facts to support the existence of the claimed conspiracy. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation and citation omitted). Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim. Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). Rather, a plaintiff must plead with particularity which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of the plaintiff's constitutional rights. Harris v. Roderick, 126 F.3d 1189, 1195-96 (9th Cir. 1997). To prove a conspiracy under § 1983, an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

   **1. Excessive Force**

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

With regard to his claim that Defendants conspired to inflict excessive force on him, Plaintiff now alleges the following:

> On the evening of March 2, 2010 Mr. Young was endangered by Defendant Stiles' alleged refusal and failure to respond to Mr. Young's request to protect him from imminent threat to his safety . . . by Officer Chapman. . . . As Mr. Young believed Defendant Stiles—who was supposed to but didn't—would do what was necessary or required of him to protect him against the existing danger. Mr. Young's expectation failed to come true and he was the victim of physical brutality by Defendant Chapman and consequently by Defendant Stiles . . .

> Allegedly, the officers were getting ready to carry out attacks on Mr. Young in the unit by unlocking his cell door and calling him down from cell 216 into the rotunda. The three housing unit officers—Defendants C. Chapman, A. Risenhoover and newly named in complaint Correctional Officer B. Wright . . . including Defendant Stiles

> and each of them allegedly conspired on March 2, 2010 to deprive Mr. Young of his rights to safety and protection under the 8th Amendment of the U.S. Constitution. As Defendants Chapman and Risenhoover stood ready to act, Sgt. Stiles pulled out his baton, remained at the section door but did not come up the stairs until Control Booth Officer Wright closed the cell door on Mr. Young's body and trapped Mr. Young's body between the cell door and door frame and the other two officers attacked.

Am. Comp. at 3(a) and (b).

Although Plaintiff does not specifically allege a meeting of the minds between Defendants Stiles, Chapman, Risenhoover and Wright, his allegations that they acted in concert to lure him out of his cell so that they could trap him in his cell door and then beat him are sufficient to raise an inference that they had a pre-arranged plan to inflict excessive force on Plaintiff. Construing these allegations liberally, Plaintiff has alleged a cognizable conspiracy claim against these Defendants.

### 2. Deliberate Indifference

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

With respect to his claim that Defendants conspired to be deliberately indifferent to his medical needs, Plaintiff alleges the following:

> On the night of March 2, 2010, after the attack discussed above, Plaintiff was transported to the Sutter Coast Hospital. While Plaintiff was being X-rayed, he heard Defendant Thornton telling someone via his I-phone the details of Plaintiff's X-rays.

4

>Thornton used his I-phone to take photographs of Plaintiff being X-rayed. Plaintiff claims Thornton invaded his privacy by disclosing his medical information to third persons without Plaintiff's consent and this constitutes deliberate indifference.
>
>Thornton and Nurses Malo-Clines and Dickey failed to provide doctors with correct information about the injuries Plaintiff received at the prison. Plaintiff's chipped or fractured elbow was not accurately diagnosed and it could not be X-rayed due, in part, to the fact that he was in handcuffs, waist chains and leg irons. Plaintiff alleges that Defendant Thornton placed him in these restraints with the intent of preventing Plaintiff's elbow from being X-rayed. As a result, Plaintiff's elbow never got X-rayed and this has had an adverse effect on Plaintiff's recovery. Thornton also provided misinformation to doctors about Plaintiff's elbow injury, telling them it was an old injury, rather than one he received that night. This misinformation also resulted in a lack of medical treatment for Plaintiff's injured elbow.
>
>On the evening of March 2, 2010, Nurse Dickey refused to admit Plaintiff into the Correction Treatment Center (CTC) of the prison. Thornton also was involved in the decision not to admit Plaintiff into the CTC.

Plaintiff's allegations do not add anything to what he alleged in his original complaint, and otherwise fail to raise even an inference that Thornton, Dickey and Malo-Clines conspired to be deliberately indifferent to Plaintiff's serious medical needs. At most, his allegations show that each Defendant, individually, may have been deliberately indifferent to his serious medical needs, which the Court has has already found to be a cognizable claim against each of these Defendants. Therefore, the conspiracy claim for deliberate indifference to Plaintiff's serious medical needs is dismissed. Given that the Court has already provided Plaintiff with an opportunity to amend, the Court dismisses said claim without leave to amend, as further amendment would be futile. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**II.  Retaliation Claims**

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In his amended complaint, Plaintiff adds no allegations about the alleged retaliatory actions taken by Defendants or the nature of his protected conduct or how each Defendant knew about Plaintiff's protected conduct. As stated in the November 9, 2011 Order, without allegations of protected conduct and knowledge of such conduct by Defendants, no claim for retaliation is stated.

Therefore, Plaintiff's retaliation claims are dismissed. Said dismissal is without leave to amend because Plaintiff has been given an opportunity to correct the deficiencies in this claim and has failed to do so. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).

**III. New Claims**

**A. Denial of Access to Courts**

Plaintiff alleges that Defendant Stiles violated Plaintiff's First and Fourteenth Amendment rights by delaying the delivery of his legal mail and, thus, denied him access to the courts. Plaintiff also alleges that Stiles conspired with unnamed individuals to delay Plaintiff's legal mail.

In the Court's November 9, 2011, Plaintiff was not granted leave to add new claims to his amended complaint. Therefore, this claim is dismissed without prejudice to refiling in a new lawsuit.

**B. Failing Properly to Investigate Administrative Complaint**

Plaintiff alleges that two new Defendants, Officers Catalina and Nelson, violated his due process rights by (1) failing to investigate Plaintiff's administrative complaint for excessive force and (2) preventing inmate witnesses from being questioned in the course of their investigation.

There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli

1 v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). A provision that merely provides procedural
2 requirements, even if mandatory, cannot form the basis of a constitutionally cognizable
3 liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81
4 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to
5 protected liberty interest requiring procedural protections of Due Process Clause).
6 Furthermore, actions in reviewing and denying inmate appeals cannot serve as a sole basis
7 for liability under § 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855
8 F.2d at 640.

Because there is no federal constitutional right to a properly functioning appeal system and because the review and denial of an administrative appeal does not give rise to liability under § 1983, Plaintiff's allegations that Catalina and Nelson failed properly to process his administrative appeal fails to state a claim upon which relief can be granted. Therefore, this claim is dismissed without leave to amend because amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Stiles, Chapman, Risenhoover and Wright for conspiring to inflict excessive force.

2.  Plaintiff's claims for conspiracy to be deliberately indifferent to his serious medical need, retaliation, and due process are **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

3.  Plaintiff's claim for denial of access to the court against Defendant Stiles is **dismissed without prejudice** to filing in another lawsuit.

4.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and amended complaint and all attachments thereto (docket nos. 1 and 18) and a copy of this Order to Officer B. Wright**.** The Clerk of the Court shall also mail a copy of the complaint, amended complaint and a copy of this Order to the State Attorney General's

Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

   4.  Defendant Wright is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is directed to review the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

   5.  Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a.  No later than **sixty (60) days** from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the

8

Court and served on Defendant no later than **sixty (60) days** after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which he seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendant], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. If Defendant wishes to file a reply brief, he shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated:_5/29/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EDDIE L YOUNG,

        Plaintiff,

v.

C J CHAPMAN et al,

        Defendant.

Case Number: CV11-01083 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie L. Young H-72370
Califorina Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: May 30, 2013

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Young 11-1083.REVISEDServ Am Comp.wpd