IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J. SOTO, et al.,<br><br>　　　　　　Defendants.<br>_____/ | No. C 11-1083 SBA (PR)<br><br>**ORDER GRANTING MOTION FOR REVOCATION OF *IN FORMA PAUPERIS* STATUS; VACATING ORDER GRANTING *IN FORMA PAUPERIS* STATUS; AND DISMISSING ACTION WITHOUT PREJUDICE TO FILING A MOTION TO REOPEN UPON PAYING FULL FILING FEE**<br><br>(Dkts. 70, 76, 81, 83) |

　　　　Plaintiff, an inmate currently incarcerated at the California Correctional Institution and frequent litigant in federal court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, and was previously granted leave to proceed in forma pauperis ("IFP"). The parties are presently before the Court on Defendants' motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 81. Having read and considered the papers submitted, and being fully informed, the Court GRANTS the motion for the reasons set forth below.

**I.　BACKGROUND**

　　　　On March 8, 2011, Plaintiff filed his original complaint, alleging constitutional violations that occurred while he was housed at Pelican Bay State Prison ("PBSP") in 2010 against the following Defendants: PBSP Correctional Sergeants D. A. Stiles and B. Thornton; PBSP Correctional Officers C. J. Chapman, A. D. Risenhoover and D. E. Mount; and PBSP Nurse Practitioner C. Malo-Clines and PBSP Nurse Dickey. Plaintiff seeks monetary damages.

　　　　On April 25, 2011, the Court granted Plaintiff's motion for leave to proceed IFP, and thereafter issued an Order of Service on November 9, 2011. In that Order, the Court noted that when Plaintiff was granted leave to proceed IFP, it was "unaware of the basis of the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern District of California." Nov. 9, 2011 Order at 3-4. However, a review of the dismissal orders in Plaintiff's prior prisoner actions revealed to the Court that he has had at least four cases

dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Id. The Court stated as follows:

> The following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Young v. McCarger, No. CIV S-00-2393 GEB DAD P (E.D. Cal. Aug. 13, 2002) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Young v. Edwards, No. CIV 02-2289 CAS (MLGx) (C.D. Cal. May 1, 2002) (same); (3) Young v. Bowen, No. CIV 01-6368 CAS (MLG) (C.D. Cal. Sept. 27, 2002) (civil rights action dismissed for failure to state claim for relief and failure to comply with Court's order to amend complaint to remedy the problem); and (4) Young v. Briddle, No. C 98-0714 (SI) (PR) (N.D. Cal. June 5, 1998) (same). Although this Court has listed four dismissals, only three prior dismissals need qualify under § 1915(g). Therefore, even without considering the fourth case, Case No. C 98-0714 (SI) (PR), Plaintiff's three dismissals in Case Nos. CIV S-00-2393 GEB DAD P, CIV 02-2289 CAS (MLGx), and CIV 01-6368 CAS (MLG) may be counted as dismissals for purposes of § 1915(g).

Id. at 2-3. The Court found that, pursuant to Andrews v. King,[1] Plaintiff had been given notice of the potential applicability of § 1915(g) because he acknowledged in his complaint that "he has brought 3 or more actions in a court of the United States that was dismissed on the grounds that it was not frivolous yet failed to state a claim upon which relief may be granted." Id. at 3 (citing Compl. at 3). The Court then pointed out that Plaintiff "may proceed IFP only if he is seeking relief from a danger of serious physical injury which is 'imminent' at the time of filing." Id. at 3 (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc)).

The above notwithstanding, the Court also noted that Plaintiff had alleged in the pleadings that he was under imminent danger of further serious harm, and that in light of such allegations, the prior grant of IFP status may have been warranted. Nov. 9, 2011 Order at 3 (citing Compl. at 3.) For example, Plaintiff claimed that Defendants' invasion of his medical privacy, interference with his medical care, and use of racial epithets "pose[d] a real danger to [his] health, safety, and well being." Compl. at 3(b)-3(c). As such, the Court proceeded to review the complaint, stating:

---

[1] Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

2

> . . . the Court will review the complaint and serve Defendants, as explained below.  If Defendants choose to argue that Plaintiff's IFP should be revoked, i.e., challenging whether he falls under the "imminent" danger exception to dismissal under § 1915(g), then the Court will consider such an argument at that juncture.

Id. at 3.  Upon its initial review of the original complaint, the Court determined that Plaintiff had stated a cognizable Eighth Amendment claim for excessive force against Defendants Chapman, Risenhoover, Stiles and Mount.  The Court also found that Plaintiff had stated a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Thornton, Malo-Clines and Dickey.

However, the Court concluded that Plaintiff had failed to state a cognizable claim that Defendants conspired "to cover up [the] harm and injuries received by Plaintiff," because he had failed to: (1) identify a particular constitutional right of which he was deprived by the alleged conspiracy; and (2) allege particular facts showing that the named Defendants had an agreement or meeting of the minds to violate his constitutional rights.  Id. at 6.  The Court likewise ruled that Plaintiff had not stated a cognizable claim for retaliation.  Id. at 7.  The Court granted Plaintiff leave to amend to cure the noted deficiencies in his conspiracy and retaliation claims.  Id.

Thereafter, Plaintiff filed his amended conspiracy and retaliation claims as well as a new denial of access to the court claim in a document he entitled his, "Amended Complaint."  Dkt. 18.  On May 30, 2013, the Court determined that Plaintiff had cured the noted deficiencies in his conspiracy claim and found he stated a cognizable Eighth Amendment claim against Defendants Stiles, Chapman, Risenhoover and Wright for conspiring to inflict excessive force.  May 30, 2013 Order at 3-4.  However, Plaintiff's claims for retaliation were dismissed with prejudice for failure to state a claim upon which relief can be granted.  Id. at 5-6.  Plaintiff's new claim for denial of access to the court against Defendant Stiles was dismissed without prejudice to filing it in another lawsuit.  Id. at 6.

Defendants have now filed a motion requesting the Court revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g).[2] Because it is undisputed that Plaintiff's aforementioned dismissals may be counted as "strikes" for purposes of § 1915(g), Defendants specifically argue that Plaintiff's IFP status should be revoked because "[his] complaint and amended complaint do not contain sufficient factual allegations to entitle him to the 'imminent danger' exception to that rule." Dkt. 81 at 1.

## II.   DISCUSSION

### A.   Legal Standard

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id.

The plain language of §1915(g) indicates that "imminent danger" must exist at the time of the filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II"). Conditions that existed at some earlier or later time are not relevant. See id. and n.5. The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." Id. at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id.; see, e.g., id. at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); cf. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by

---

[2] Because Defendant Malo-Clines had not been served at the time the other Defendants filed the instant motion, Defendant Malo-Clines did not join their motion. In any event, the entire action will be dismissed without prejudice; therefore, such a request for joinder is not necessary at this time.

4

fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger -- the standard adopted by the Eighth Circuit -- is the most sensible way to interpret the imminency requirement." Andrews II, 493 F.3d at 1056 (internal quotation marks omitted).

**B.    Analysis**

Defendants argue that Plaintiff "cannot demonstrate that he was in imminent danger *at the time of filing the complaint*, a year after the incident, which the availability of the exception turns on." Dkt. 81 at 6 (emphasis in original). In response, Plaintiff simply repeats facts from his original and amended complaints pertaining to the claims against Defendants Stiles, Thornton, Chapman, Risenhoover, Mount, Malo-Clines and Dickey. Dkt. 85 at 2-4. However, Plaintiff neglects to elaborate on the time frame of those alleged incidents as they relate to Defendants' invasion of his medical privacy, interference with his medical care and use of racial epithets. As such, the aforementioned actions are inapposite to whether he falls under the "imminent danger" exception because he failed to allege they occurred at the time of filing his complaint.

Plaintiff also claims that the excessive force incident in March 2010 was a result of his being initially called a "rapist" by Defendant Chapman. Id. at 2-3. Plaintiff explains that he was called a "rapist" because he was "convicted of a prior felony offense -- oral copulation with person under 14 [years old]" and faces "continuing harm as a direct result of being called a rapist and child rapist." Id. at 3-5. Plaintiff admits that he "complained for approximately eight (8) months about the effect and use of [the] prior rape offense . . ." Dkt. 87 at 7 (citing Compl., Ex. 1). Specifically, Plaintiff asserts there were "further life threatening situations and conditions [he] remained subject to as he remained housed in [the] Administrative Segregation Unit [("ASU")] A-2 of the prison under the authority and custody of Officer Risenhoover, one of the Defendants named in the original complaint." Dkt. 85 at 5. Plaintiff claims that in "November 2010, Defendant threatened Plaintiff's health and well being while [he] was housed in ASU under Defendant's authority and custody intending that he be harmed." Id. In addition, in February and March 2011, Plaintiff "physically suffered hunger

5

pain, poor energy, weight loss and was tormented with a tainted food item and/or incomplete food service as directed at Plaintiff by the officer." Id.

Although Plaintiff's claim of excessive force is serious, the Court must focus on whether Plaintiff faced imminent danger *at the time he filed his complaint.* Plaintiff does nothing more than rehash the facts relating to the March 2010 incident which occurred approximately a year *before* this suit was filed. Based on the information presented, that incident appears to have been isolated. Though Plaintiff claims that he faced continuing harm as a result of being called a "rapist and child rapist," he admits that he only complained of this harm for *eight* months after the incident. In other words, to the extent that there was any risk of harm caused by being referred to as a "rapist and child rapist," Plaintiff's own actions indicate that such risk ceased in or about October or November 2010, at least five months *before* the complaint was filed in March 2011.

Plaintiff also claims he "remained" in ASU in November 2010 where one of the Defendants worked; however, he does not allege how his placement there placed him in imminent danger. Even if Plaintiff could argue that he was imminently threatened by such a placement, the time frame of his ASU placement--i.e., November 2010--was four months prior to the filing of the complaint. Finally, while Plaintiff alleges that in February and March 2011 (the time frame he filed the complaint), an unknown "officer" tainted his food. Plaintiff fails to demonstrate a nexus between this and the prior incident, that there was an ongoing practice of contaminating his food, or that he was at risk of serious physical injury as a result of these isolated incidents.

In sum, Plaintiff had initially stated in conclusory terms that he was in imminent danger at the time of filing the complaint; however, such an allegation is insufficient to establish the imminent danger exception to § 1915(g). White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir 1998) (exception does not apply because prisoner's allegation that he has "been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree" are "vague and utterly conclusory");

6

see also Welch v. Galie, 207 F.3d 130 (2nd Cir. 2000) (conclusory allegations that defendants were part of a conspiracy and were physically harming plaintiff did not bring plaintiff within imminent danger exception). Plaintiff's attempt to repeat allegations pertaining to the March 2010 excessive force incident does not establish that he was in imminent danger when he filed his complaint *one year later*. See Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (imminent danger allegations plaintiff made involved events on which complaint was based, however, threat had ceased and nothing may properly be construed as constituting imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (allegations that prisoner faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)); but cf. id. (concluding that plaintiff meets imminent danger exception because he properly alleged ongoing danger and complaint was filed very shortly after last attack). Finally, Plaintiff's aforementioned assertions in his opposition and response to the reply do not amount to a credible showing of the existence of an imminent danger *at the time of the filing of the complaint*. Accordingly, Plaintiff has not shown that he is entitled to the imminent danger exception under § 1915(g) to avoid dismissal without prejudice. Plaintiff's IFP status is therefore revoked. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three-strikes grounds); Patton v. Jefferson Corr. Center, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes).

### III. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Defendants' motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) is GRANTED. Dkt. 81. Leave to proceed IFP is REVOKED, and the Court's April 25, 2011 Order granting Plaintiff IFP status (Dkt. 5) is VACATED.

2. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. See 28 U.S.C. § 1915(g).

3. The Clerk of the Court shall terminate all other pending motions as moot and

close the file. Dkts. 70, 76, 83.

4. This Order terminates Docket Nos. 70, 76, 81 and 83.

IT IS SO ORDERED.

DATED: 3/31/14

SAUNDRA BROWN ARMSTRONG
United States District Judge