UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EDDIE L. YOUNG, | Case No. 11-cv-01083-SBA (LB) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO WITHDRAW** |
| C. J. CHAPMAN, et al., | Re: ECF No. 200 |
| Defendants. | |

### INTRODUCTION

Courtland L. Reichman, Bahrad Sokhansanj, Joachim B. Steinberg, Kate Falkenstien, and the law firm McKool Smith Hennigan P.C. (collectively "McKool Smith"), counsel for the plaintiff Eddie L. Young, move to withdraw as counsel for Mr. Young because Mr. Young has terminated them as counsel in this action.[1] The defendants do not oppose the motion to withdraw.[2] This motion can be decided without oral argument. *See* Civil L.R. 7-1(b). The court grants the motion to withdraw because Mr. Young's desire to terminate his counsel establishes good cause, and McKool Smith has taken reasonable steps to avoid foreseeable harm caused by the withdrawal.

---

[1] Motion to Withdraw – ECF No. 200 at 4; Steinberg Decl. – ECF No. 200-1 at 3 (¶ 7). Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion to Withdraw – ECF No. 200 at 4; Steinberg Decl. – ECF No. 200-1 at 3 (¶ 10).

ORDER – No. 11-cv-01083-SBA (LB)

## GOVERNING LAW

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Under California Rule of Professional Conduct 3-700(C), counsel may withdraw if the client makes it unreasonably difficult for counsel to carry out his or her duties. Cal. R. Prof'l Conduct 3-700(C)(1)(d).

In compliance with California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. Prof'l Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, No. 06-CV-7828-TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## STATEMENT

On July 15, 2016, the district court appointed the McKool Smith attorneys to represent Mr. Young as *pro bono* counsel in this matter.[3] They have met with him "on a number of occasions," "taken several depositions in this matter," and "defended one deposition, in addition to submitting pre-trial filings and other motion papers."[4] On January 18, 2018, Mr. Sokhansanj and Mr. Steinberg met with Mr. Young, and at that meeting, Mr. Young "stated that he was upset with decisions regarding the case, and made several requests for further action."[5] Mr. Young "expressed his dissatisfaction with McKool Smith's representation and stated that he no longer wanted McKool Smith representing him in this matter."[6] Mr. Sokhansanj and Mr. Steinberg "agreed with Mr. Young that withdrawing from the case was the best course of action."[7] While "attorney-client privilege prevents further disclosure of the contents of that conversation," Mr. Young's attorneys "believe that there are circumstances that preclude their continued representation of Mr. Young" and the differences between Mr. Young and his counsel are "irreconcilable."[8]

On January 22, 2018, Mr. Steinberg mailed Mr. Young a letter notifying him that his attorneys intended to withdraw from representing him.[9] Mr. Steinberg told Mr. Young that McKool Smith would provide him with their litigation file on this case once the court grants the motion to withdraw.[10] Mr. Young's counsel also offered to continue accepting service on his behalf until the withdrawal is granted.[11] That same day, Mr. Young's counsel filed their motion to withdraw.[12] Jury trial is scheduled to begin on February 12, 2018.[13]

---

[3] ECF No. 151.

[4] Steinberg Decl. – ECF No. 200 at 3 (¶ 4).

[5] *Id.* (¶¶ 5–6).

[6] Motion to Withdraw – ECF No. 200 at 4.

[7] Steinberg Decl. – ECF No. 200 (¶ 7).

[8] *Id.* (¶¶ 8–9).

[9] *Id.* (¶ 12).

[10] *Id.* (¶ 13).

[11] *Id.*

## ANALYSIS

**1. Good Cause for Withdrawal**

Good cause exists for withdrawal. Mr. Young and his counsel have irreconcilable differences regarding the case.[14] Mr. Young is dissatisfied with his representation and no longer wants McKool Smith to represent him.[15] Mr. Young's dissatisfaction with his counsel and his desire to terminate them from representing him make it unreasonably difficult for counsel to carry out their representation effectively.

**2. Timing and Prejudice of Withdrawal**

Under the circumstances, McKool Smith has taken adequate steps to prevent reasonably foreseeable harm to Mr. Young and withdrawal will not cause prejudice to other litigants.

Mr. Sternberg sent Mr. Young a letter notifying him that counsel intended to withdraw from representing him.[16] While trial is set to begin on February 12, 2018, Mr. Young may proceed *pro se* or find new counsel. McKool Smith will provide all of their files and documents on the case to Mr. Young after the court grants the motion to withdraw.[17] McKool Smith will also continue to accept service on behalf of Mr. Young.[18]

Withdrawal will not cause prejudice to the other litigants because the defendants do not oppose the motion.[19]

The court therefore finds withdrawal will not cause injustice or undue delay. McKool Smith must, however, continue to serve Mr. Young with all papers from the defendants and the court until a substitution of counsel is filed or Mr. Young appears *pro se*.

---

[12] *See generally* Motion to Withdraw – ECF No. 200.
[13] Order Modifying Scheduling Order – ECF No. 199 at 4.
[14] Steinberg Decl. – ECF No. 200-1 at 3 (¶ 7–9).
[15] Motion to Withdraw – ECF No. 200 at 2, 4.
[16] Steinberg Decl. – ECF No. 200-1 at 4 (¶ 12).
[17] *Id.* (¶ 13).
[18] *Id.*
[19] Motion to Withdraw – ECF No. 200 at 4; Steinberg Decl. – ECF No. 200-1 at 3 (¶ 10).

## CONCLUSION

The court grants the motion to withdraw. Under Civil Local Rule 11-5(b), however, all papers in this case must continue to be served on McKool Smith for forwarding to Mr. Young unless and until he appears by other counsel or *pro se*.

This disposes of ECF No. 200.

**IT IS SO ORDERED.**

Dated: February 1, 2018

LAUREL BEELER
United States Magistrate Judge